IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT HENRY,

            Petitioner,              No. CIV S-94-0916 JKS EFB P

    vs.

CHARLES D. MARSHALL,

            Respondent.         <u>ORDER</u>

_____/

       Petitioner is a state prisoner seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. On December 11, 2008, the court granted petitioner's motion to reschedule the evidentiary hearing and rescheduled the evidentiary hearing to commence at 9:30 a.m. on April 20, 2009. The court also continued respondent's deadline to file a pre-hearing brief to January 23, 2009 and continued petitioner's deadline to file a response thereto to February 13, 2009.

       On January 14, 2009, respondent filed an evidentiary hearing brief and a motion for leave to conduct discovery. Respondent scheduled the motion for discovery to be heard on February 18, 2009. Petitioner has not filed an opposition to respondent's motion.

       On February 9, 2009, petitioner filed a motion for an interlocutory injunction and a motion for an extension of time to file a responsive brief to respondent's evidentiary hearing brief. Petitioner requests that his motions also be heard on February 18, 2009.

## I.     Motion for Discovery

On January 14, 2009, respondent filed a motion requesting leave to issue (1) subpoenas to the custodians of records at the Solano County District Attorney's Office and the Vallejo Police Department, for the production of audio and video interview tapes of statements petitioner and other witnesses provided to the police in connection with petitioner's case, and (2) subpoenas to George Bawart and Ronald Becker, the officers who conducted interviews of petitioner and other witnesses in connection with petitioner's case, for appearance at the evidentiary hearing.  Mot. for Disc. at 3, Attachs.  Respondent also requests that this court "command petitioner to submit to being deposed."  Mot. for Disc. at 3.  As noted above, petitioner has not filed an opposition or statement of non-opposition to respondent's motion, as required by Local Rule 78-230(m).  Such a failure "may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions."  L.R. 78-230(m).

Habeas litigants may "invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so."  Rule 6(a), Rules Governing Section 2254 Proceedings.  Good cause exists "if discovery is indispensable to a fair, rounded, development of the material facts" at issue.  *Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir. 1997) (quoting *Toney v. Gammon*, 79 F.3d 693, 700 (8th Cir. 1996)).

When a request for discovery is granted in a habeas case, a party "may utilize the processes of discovery available under the Federal Rules of Civil Procedure (rules 26-37)."[1] Advisory Committee Notes on Rule 6, Rules Governing Section 2254 Proceedings.  According to the Advisory Committee Notes, Rule 6(c) "specifically recognizes the right of the respondent to take the deposition of the petitioner."  *Id.* (stating that "[a]lthough the petitioner could not be

---

[1]  Rule 6(a) also provides that "[i]f necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A."  Rule 6(a), Rules Governing Section 2254 Proceedings.  In this case, petitioner elected to fire his appointed counsel and proceed pro se.

1   called to testify against his will in a criminal trial, it is felt the nature of the habeas proceeding,

2   along with the safeguards accorded by the Fifth Amendment and the presence of counsel, justify

3   this provision."); *see also Bean v. Calderon*, 166 F.R.D. 452, 455-56 (E.D. Cal. Feb. 15, 1996).

4          Respondent argues good cause supports his request to subpoena the custodians of records

5   at the Solano County District Attorney's Office and the Vallejo Police Department, for the

6   production of audio and video interview tapes of statements petitioner and other witnesses

7   provided to the police in connection with petitioner's case, because those tapes "provide the best

8   evidence of the statements petitioner and other witnesses provided to [the] police." Mot. for

9   Disc. at 3.   Respondent asserts that he "informally requested" those items from the agencies and

10  although both agencies provided respondent "with some materials," they were "unable to locate

11  certain items of physical evidence, specifically the originals or copies of some tape recorded

12  interviews." *Id*. at 2.  Respondent contends good cause supports his request to subpoena

13  Detectives Bawart and Becker because they "were the officers who conducted all interviews"

14  and "petitioner made at least one statement constituting an admission off tape." *Id.* at 3.  Finally,

15  respondent argues good cause supports his request to depose petitioner because petitioner claims

16  in his habeas petition that he is innocent of first degree murder, but "his statements to police

17  contradict such evidence."  *Id.*

18          At issue in the evidentiary hearing is whether petitioner has "a valid freestanding claim of

19  actual innocence."  Ninth Cir. Remand Order, 2007 WL 731353, at *1 (Mar. 12, 2007).

20  Specifically at issue is whether the newly-discovered testimony of Jeffrey Taggart and Charles

21  Austin – that the person petitioner allegedly hired to commit murder was not responsible for the

22  murder that occurred – is truthful (therefore making petitioner innocent of first degree murder,

23  the crime with which he was charged). *Id.*  The interview tapes, as well as the testimony of

24  Bawart and Becker, are relevant to those issues.  Therefore, respondent's motion for leave to

25  issue subpoenas to the custodians of records at the Solano County District Attorney's Office and

26  the Vallejo Police Department, and subpoenas to George Bawart and Ronald Becker, is granted.

1    Additionally, respondent contends that petitioner's habeas claims of actual innocence

2  contradict earlier statements petitioner made to the police.  Such alleged contradictory statements

3  would be relevant to petitioner's actual innocence claim.  Therefore, respondent may depose

4  petitioner about his assertions of actual innocence in his habeas petition and/or about any

5  allegedly contradictory statements he earlier made to the police.[2]

6    The hearing on respondent's motion, currently scheduled for February 18, 2009, is

7  vacated.

8  **II.    Motion for Extension**

9    On February 9, 2009, petitioner filed a motion requesting "30 days to file his responsive

10 brief, to include March 5, 2009."  Pet'r Mot. at 5.  Petitioner contends additional time is needed

11 to file his brief because he has been denied access to the law library.  Because petitioner's

12 request would not prejudice respondent, petitioner's request for an extension of time is granted.

13 Petitioner's responsive pre-hearing brief shall be filed on or before March 9, 2009.  Accordingly,

14 no hearing is necessary on the motion.

15 **III.   Motion for Injunction/Sanctions**

16    Petitioner's February 9 motion also requests "that this court order petitioner transferred

17 to another institution, pending final disposition of this case . . . , that sanctions be placed on

18 respondent (Warden) . . . , and the law librarian at Corcoran State Prison be held to have

19 ─────────────────

20    [2]  The Fifth Amendment provides that no person "shall be compelled in any criminal case
    to be a witness against himself."  U.S. CONST. amend. V.  The protection "also privileges [an
21 individual] not to answer official questions put to him in any other proceeding . . . where the
    answers might incriminate him in future criminal proceedings."  *Lefkowitz v. Turley*, 414 U.S.
22 70, 77 (1973).  Although petitioner's Fifth Amendment privilege "is potentially applicable in a
    habeas proceeding that could result in a new trial or sentencing," *Detrich v. Schriro*, 2007 WL
23 177831, at *2 (D. Ariz. Jan. 23, 2007), Petitioner has already "testified" in this habeas action by
    submitting a verified petition.  Therefore, petitioner may not have a Fifth Amendment privilege
24 to assert.  *See Bean*, 166 F.R.D. at 455; *IBM v. Brown*, 857 F. Supp. 1384, 1390 (C.D. Cal.
    1994).  Nonetheless, if petitioner elects to assert his Fifth Amendment privilege during the
25 deposition, the assertion of that privilege may be cause for the court to draw an adverse inference
    in this habeas proceeding.  *See Bean*, 166 F.R.D. at 457; *see also Detrich*, 2007 WL 177831, at
26 *3.

1   committed misconduct." Pet'r Mot. at 5.  Petitioner alleges that on December 17, 2008, he was

2   denied access to the law library; that on February 2, 2009, he was denied contact visitations with

3   his former attorneys; and that on February 13, 2009, he was denied possession of discovery

4   given to him by representatives of his former attorneys.  *Id.* at 3-4.  Attached to petitioner's

5   motion is a letter from petitioner's former counsel indicating that petitioner's PLU status was

6   declined until February 13, 2009.  *Id.* at 28.

7          Because it appears petitioner is primarily concerned with his lack of access to the prison

8   law library, petitioner's motion is construed as a request for preferred legal user ("PLU") status.

9   In light of petitioner's new deadline for filing his responsive brief, and in light of the

10  representation that petitioner will be given PLU status as of February 13, 2009, petitioner has not

11  shown that his request is necessary.  Petitioner also has not shown that sanctions should be

12  issued or that the law librarian should "be held to have committed misconduct."  Therefore,

13  petitioner's requests are denied.

14         The prison officials are hereby specifically notified, however, that petitioner has a

15  responsive brief due on or before March 9, 2009 and an evidentiary hearing on April 20, 2009,

16  and should be permitted to access the law library accordingly.  If petitioner's access to the

17  library is further frustrated and he files another request for injunctive relief in this regard,

18  respondent may be required to file a response to that request.

19  **IV.    Additional Pre-Hearing Requirements**

20         In preparation for the April 20, 2009 evidentiary hearing, the court also issues the

21  following pre-hearing requirements:

22         **A.      Witnesses**

23         On or before twenty days prior to the evidentiary hearing, the parties shall provide to one

24  another and file with the court a list of witnesses who are expected to testify at the hearing,

25  including addresses and telephone numbers.  Each party may call any witnesses designated by

26  the other.

1. No other witness will be permitted to testify unless:

    a. The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated prior to the evidentiary hearing.

    b. The witness was discovered after the exchange of witnesses and the proffering party makes the showing required in "2," below.

2. Within the twenty day period prior to the evidentiary hearing, the parties shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at the evidentiary hearing whether the witnesses shall be permitted to testify.  The witnesses will not be permitted unless:

    a. The witnesses could not reasonably have been discovered prior to the exchange of witness lists;

    b. The court and the opposing party were promptly notified upon discovery of the witnesses;

    c. If time permitted, the party proffered the witnesses for deposition; or

    d. If time did not permit, a reasonable summary of the witnesses' testimony was provided to the opposing party.

**B.**    **Exhibits**

On or before twenty days prior to the evidentiary hearing, the parties shall provide to one another and file with the court a list of their exhibits.  Any objections to exhibits may be raised at the hearing.  Petitioner will use numbers to mark exhibits; respondents will use letters.

1. No other exhibits will be permitted to be introduced unless:

    a. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated, or

    b. The exhibit was discovered after the exchange of exhibits and the proffering party makes the showing required in Paragraph "2 " below.

2.  Within the ten day period prior to the evidentiary hearing, the parties shall promptly inform the court and opposing party of the existence of such exhibits so that the court may consider their admissibility at the evidentiary hearing.  The exhibits will not be received unless the proffering party demonstrates:

      a.  The exhibits could not reasonably have been discovered earlier;

      b.  The court and the opposing party were promptly informed of their existence; or

      c.  The proffering party forwarded a copy of the exhibit(s) (if physically possible) to the opposing party.  If the exhibit(s) may not be copied the proffering party must show that he has made the exhibit(s) reasonably available for inspection by the opposing party.

**C.    Miscellaneous**

The parties (or their counsel) shall make the appropriate writ ad testificandum filings if the presence of petitioner or any other incarcerated witness is desired.  Such writs shall be filed at least thirty days prior to the hearing.  The parties shall otherwise make their own arrangements for the attendance of non-incarcerated witnesses.

**D.    Additional Briefing**

On or before twenty days prior to the evidentiary hearing, the parties shall submit additional briefing explaining:

1.  The scope of evidence that should be permitted at the evidentiary hearing;

2.  The standard of review applicable to the judge's determination of the credibility of witnesses at the hearing and/or petitioner's actual innocence; and

3.  The effect of a judicial determination that one or both of the newly-discovered witnesses (Taggart and Austin) are credible and/or that petitioner is actually innocent.

////

////

**V.      Address Update**

In his February 9 filing, petitioner "inform[ed] the court that the zip code where petitioner is housed is 93212," not 93216, which the court had been using.  Petitioner is notified that on the date his motions were received, the clerk's office corrected the address on the docket.

Accordingly, it is HEREBY ORDERED that:

1.  Respondent's motion for leave to conduct discovery is granted (and the February 18, 2009 hearing is thereby vacated);

2.  Petitioner's motion to continue the deadline for filing his responsive evidentiary brief to March 9, 2009 is granted;

3.  Petitioner's motion for injunctive relief, construed as a request for preferred legal user status, is denied; and

4.  The parties shall comply with the additional pre-hearing requirements set forth in Section IV above.

Dated:  February 12, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE